JUSTICE RICE
dissenting.
¶14 I respectfully dissent from the Court’s opinion herein.
¶15 In October 2000, Petitioner West personally appeared for his interview before Board member Wilson, providing him an opportunity to review his record and to be heard in regard to his parole. At that time, he requested that the Board not render its decision until he could present witness testimony. The full Board then reviewed the matter and, responding to the Petitioner’s request, issued a continuance and granted Petitioner a second opportunity to appear before Board member Wilson in December 2000, at which time Petitioner presented video tape testimony. A final case disposition was then issued by Board members Wilson and Fleming, recommending Petitioner’s placement in a community-based prerelease program.
¶16 In Greenholtz, the United States Supreme Court held that state parole procedures must provide prisoners with an effective opportunity to, first, insure that the records before a parole board are, in fact, related to the prisoner’s case, and, second, to present any special considerations why the prisoner is an appropriate candidate for parole. Relying on Greenholtz, this Court, in Sage, held that the Board of Parole violated Sage’s due process rights when it delegated the prisoner’s pre-parole interview, required under § 46-23-202, MCA (1981), to the Board’s executive secretary. In so doing, the Court in Sage interpreted §46-23-104(4), MCA (1981), which specifically authorizes the Board to delegate a parole interview to its staff or, as applicable here, to one of the members of the Board, as applying only to a “pre-hearing interview” that does not satisfy the parole interview requirement of §46-23-202, MCA.
¶17 The physical realities of Montana inmates located in various *122 facilities inside and outside of the state, and a Parole Board comprised of citizen members, illustrates the practical need met by the Legislature when it enacted § 46-23-104(4), MCA, specifically authorizing the Board to delegate a parole interview to one of its members. The Court in Sage, and again herein, by interpreting § 46-23-104(4), MCA, as applying to a “pre-hearing interview” that is different than the statutory parole interview, has eliminated the purpose for which the provision was enacted by the Legislature.
¶18 Further, as the Court observes, the practice of delegating the parole interview to a single member of the Board was upheld by this Court in Radford v. Mahoney. While I am uncomfortable in referencing the unpublished Radford decision, the Court has done so in its opinion, and a response is appropriate. In Radford, the Court noted that the Sage holding required the Board to conduct its own personal interview of a parole-eligible inmate, but that it did not hold that all members of the Board needed to be present for the personal interview. The Court in Radford concluded that Montana law did not require the pre-parole interview to be conducted before the entire Board.
¶19 The actions taken in this matter by the Board provided an effective opportunity for the Petitioner to review the file, to be personally heard and to present evidence regarding his parole. The Board thus fulfilled the due process requirements established in Greenholtz. “Due process is flexible and calls for such procedural protections as the particular situation demands.” Greenholz, 442 U.S. 1, 12, 99 S.Ct. 2100, 2106, 60 L.Ed.2d 668. I would hold that Petitioner’s due process rights were not violated herein by the Board of Pardons, that § 46-23-104(4), MCA, properly authorizes delegation of the pre-parole interview to a single Board member, and would deny the petition.
* * *
CHIEF JUSTICE GRAY:
I join in the foregoing dissent of JUSTICE RICE.